1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

10   CHRISTINE HASKIN,

11          Plaintiff(s),

12   v.

13   STATE OF NEVADA *ex rel* BOARD OF
     REGENTS OF THE NEVADA SYSTEM OF
14   HIGHER EDUCATION,

15          Defendant(s).

Case No.: 2:19-cv-01449-JCM-NJK

**Order**

[Docket No. 42]

16          Pending before the Court is a stipulation to extend discovery-related deadlines by 90 days.

17   Docket No. 42.  The Court held a hearing on April 29, 2020.  Docket No. 44.  For the reasons

18   stated at the hearing and for the reasons stated below, the stipulation is **DENIED** without prejudice.

19          A request to extend the deadlines in the scheduling order must be supported by a showing

20   of good cause, Local Rule 26-4, which turns on whether the subject deadline cannot reasonably be

21   met through diligence, *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th

22   Cir. 1992).  "The diligence obligation is ongoing." *Morgal v. Maricopa Cty. Bd. of Supervisors*,

23   284 F.R.D. 452, 460 (D. Ariz. 2012).  The applicable standard requires a showing that discovery

24   could not have been completed during the ordered timeframe through reasonable diligence

25   exercised "during the entire discovery period." *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*,

26   2015 U.S. Dist. Lexis 169110, at *11 (D. Nev. Dec. 15, 2014) (collecting cases).

27          Although the scheduling order issued months ago and the parties exchanged initial

28   disclosures, the parties have done no affirmative discovery.  *See* Docket No. 42. at 2.  The

1

stipulation represents that additional time is necessary given the practical difficulties in propounding discovery and scheduling depositions while working from home during the COVID-19 pandemic. *Id.* at 3. The Court is sensitive to the challenges caused by the pandemic. In this case, however, this reasoning is not persuasive because the stipulation provides no explanation as to why an attorney cannot draft discovery from home or why Defendant is unable to communicate with the identified witnesses through remote means, and because the parties elsewhere make clear that remote depositions are feasible in this case. *See id.* Moreover, such reasoning does not account for the unused time in the discovery period predating the current work-at-home era.

During the hearing, other explanations were advanced for the need for the requested extensions. First, counsel represented that they delayed their discovery obligations while they discussed settlement and in anticipation of participating in the early neutral evaluation. This explanation is nowhere in the stipulation. Moreover, that counsel agreed to forego discovery—without obtaining court approval—in the hopes of a settlement, is not good cause for an extension. *E.g.*, *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, 2013 WL 1164941, *4 (E.D. Cal. Mar. 20, 2013) ("as a legal matter, settlement discussions do not, in of themselves, arise to good cause for modifying a scheduling order"); *Rybski v. Home Depot USA, Inc.*, 2012 WL 5416586, *2 (D. Ariz. Oct. 17, 2012) ("settlement conferences or discussions do not constitute good cause to modify a scheduling order"); Fed. R. Civ. P. 29(b) (discovery agreements between the parties are effective without court approval only to the extent they do not interfere with, *inter alia*, the time set for completing discovery). Indeed, the parties themselves have already recognized that any informal agreements to postpone discovery without court approval does not constitute good cause for a later extension request. Docket No. 33 at 4 (discovery plan attesting to the fact that "[i]t is not good cause for a later request to extend discovery that the parties informally postponed discovery").

Second, Defense counsel represented that the disruption arising from the COVID-19 pandemic is not related to the difficulties in working remotely, but rather from the large amount of legal work the pandemic has generated at UNLV that predates the closures referenced in the stipulation. Again, this explanation is nowhere in the stipulation. Moreover, no meaningful showing has been made that other obligations of counsel prevented them from propounding any

affirmative discovery.[1]  At bottom, this argument at the hearing appears to rest on the proposition that the Court should simply assume good cause exists for any extension request, regardless of the lack of meaningful elaboration showing diligence, any time the pandemic is mentioned.  The Court declines to take such an approach.  *E.g.*, *Hoang v. Bank of Am., N.A.*, 2020 U.S. Dist. Lexis 58398, at *2 (W.D. Wash. Apr. 2, 2020) ("scheduling challenges caused by COVID-19—without additional details describing the parties' specific challenges—do not constitute good cause to modify a case schedule").

Given the above considerations, the Court is not able to find that the current deadlines could not have been met through reasonable diligence.  The Court is mindful, however, that the first discovery deadline of significance given the circumstances of this case is the discovery cutoff of June 20, 2020.  *See* Docket No. 42 at 3.[2]  As such, the parties still have nearly two months to conduct discovery under the current scheduling order.  The parties must promptly begin propounding written discovery and conferring on potential remote depositions.  To the extent the remaining discovery period proves insufficient to complete discovery notwithstanding appropriate diligence, a renewed request may be filed at the appropriate time, in accordance with all applicable rules.

Accordingly, the stipulation is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: April 29, 2020

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Counsel's assertions on this front are somewhat puzzling.  On the one hand, he stated at the hearing that he was not involved in this case until a few weeks ago and does not know why discovery was not conducted previously.  On the other hand, he stated that the amount of pandemic-related work prevented advancing the case even before any actual shutdown (*i.e.*, more than a few weeks ago).

[2] The stipulation also seeks an extension of the rebuttal expert deadline.  Docket No. 42 at 3.  Given that there were no initial experts disclosed, however, the rebuttal expert deadline should be a nonissue in this case.